IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| BARRY DALE WARD | § | |
| v. | § | CIVIL ACTION NO. 6:05cv14 |
| UNITED STATES OF AMERICA | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Petitioner Barry Dale Ward, proceeding *pro se*, filed this motion to vacate or correct his sentence under 28 U.S.C. §2255 complaining of the legality of his conviction. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Ward was convicted of drug charges after a jury trial on December 20, 1989. He took an unsuccessful direct appeal, and also filed a motion for re-sentencing which was denied on May 3, 1999.

Ward's motion to vacate argues that the sentence enhancement provisions of the U.S. Sentencing Guidelines have been declared unconstitutional and that his right to a jury determination was "never lost." He relies on United States v. Booker, 125 S.Ct. 738 (2005).

The Magistrate Judge ordered the Government to answer, and the Government argued that Booker was not retroactive and that Ward's claims are barred by the statute of limitations. Ward did not file a response to the answer.

After review of the pleadings, the Magistrate Judge issued a Report on September 2, 2005, recommending that the petition be dismissed. The Magistrate Judge observed that every federal appellate court which has considered the question has concluded that Booker does not apply

1

retroactively. Padilla v. U.S., 416 F.3d 424, 427 (5th Cir. 2005); Varela v. United States, 400 F.3d 864, 866 (11th Cir. 2005); Humphress v. United States, 398 F.3d 855, 863 (6th Cir. 2005); McReynolds v. United States, 397 F.3d 479, 481 (7th Cir. 2005); Green v. United States, 397 F.3d 101, 103 (2nd Cir. 2005); United States v. Leonard, 120 Fed.Appx. 759 (10th Cir. 2005) (not selected for publication in the Federal Reporter). Because Booker does not apply to Ward, the Magistrate Judge concluded that his motion to vacate sentence based on Booker was without merit.

Ward filed objections to the Magistrate Judge's Report on September 19, 2005. In his objections, Ward does not dispute that every federal appellate court which has considered the question has concluded that Booker is not retroactive; rather, he argues, in colorful language, that these courts, and the Magistrate Judge, have "missed the forest for the trees" and that the Magistrate Judge "follows the other sheep off the cliff."

Ward argues in effect that the decision in Booker flows naturally from the Due Process Clause and from prior court decisions, so application of this decision to him is not retroactive because it in reality was always the law. This argument is similar to that presented in In re Turner, 267 F.3d 225 (3rd Cir. 2001). In that case, the Third Circuit, citing Tyler v. Cain, 533 U.S. 656, 121 S.Ct. 2478 (2001) and Cage v. Louisiana, 489 U.S. 39, 111 S.Ct. 328 (1990), held that the petitioner had failed to show that the rule in Booker is necessarily retroactive, but merely has advanced an argument that it *should be* retroactive. In re Turner, 267 F.3d at 230-31. The Supreme Court has not yet adopted this argument and made the rule retroactive, and in fact indicated that the rule would apply only to those cases on direct appeal; every appellate court which has considered the question has concluded that the rule is not retroactive. This Court cannot contravene such precedent and hold that Booker applies retroactively. Ward's objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the motion to vacate sentence, the answer filed by the Respondent, the Report of the Magistrate Judge, the Movant's objections thereto, and all pleadings, documents, and records in the case. Upon

such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Movant's objections are without merit. It is accordingly

ORDERED that the Movant's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled motion to vacate or correct sentence be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 4th day of October, 2005.**

_____
MICHAEL H. SCHNEIDER
UNITED STATES DISTRICT JUDGE